FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 NOV 30 AM 11: 02

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES FRANKLIN STRICKLAND,

    Plaintiff,

v.

Dr. PETER WROBEL; SCOTT MATHIS;
Nurse BENNETT, and MEDICAL
STAFF OF WARE COUNTY JAIL,

    Defendants.

CIVIL ACTION NO.: CV506-053

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's determination that Plaintiff's Complaint should be dismissed. Plaintiff has filed Objections, (Doc. No. 15), in which he reasserts the factual contentions of his complaint and recounts his several claims of deficient medical care at Ware County Jail. Plaintiff further asserts that his Complaint should not be dismissed because he did exhaust all available administrative remedies.

Plaintiff contends that he filed a grievance form at Ware County Jail, which was returned to him, "stating that [he] should have received [his] medication." Indeed, he has attached to his Complaint a form, in which the investigating officer has written: "You all know what time medical comes around. Shower before or after med. pass. Yes she should have given you your meds." (Doc. No. 1, p. 14). It is unclear what stage in the grievance process this form represents, whether it was the final disposition of Plaintiff's

AO 72A
(Rev. 8/82)

complaints, or the situation about which Plaintiff complains in this grievance. Thus, it is completely unclear to the Court whether Plaintiff has indeed exhausted his administrative remedies.

However, regardless of whether Plaintiff has complied with the grievance procedures, what is clear is that he does not state a claim upon which relief can be granted. The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined." Helling v. McKinney, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). The Supreme Court has held that a prison official's "deliberate indifference to [the] serious medical needs of [a] prisoner[ ] constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (punctuation and citations omitted). The Eleventh Circuit has held that to show "deliberate indifference to serious medical needs, a plaintiff must satisfy an objective and a subjective inquiry. First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of deliberate indifference to that need." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (punctuation and citations omitted).

Plaintiff has alleged that he twice missed the nurse's medication distribution call because he was out of his cell in the restroom or the shower. He has alleged that he has not been given certain vaccinations and tests that he believes are necessary. Plaintiff contends that he is made to wait too long to be given Tylenol for headaches. Plaintiff's contentions do not rise to the level of deliberate indifference, as he has failed to show any

AO 72A
(Rev. 8/82)

objectively serious medical need. A simple inadvertent failure to provide certain medical care does not constitute the "unnecessary and wanton infliction of pain," nor is it "repugnant to the conscience of mankind." Estelle, 429 U.S. at 105, 97 S. Ct. 292. Plaintiff's complaints amount to no more than mere negligence at best, which does not state a cognizable claim under the Eighth Amendment. Id.

Plaintiff's Objections are without merit. Plaintiff's Complaint is hereby **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 30th day of November, 2006.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)